IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**
c/o Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530,

Plaintiff,

v.

**VALUEACT CAPITAL PARTNERS, L.P.**
435 Pacific Avenue, 4th Floor
San Francisco, California 94133,

Defendant.

## COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY WITH THE PREMERGER REPORTING REQUIREMENTS OF THE HART-SCOTT-RODINO ACT

The United States of America, Plaintiff, by its attorneys, acting under the direction of the

Attorney General of the United States and at the request of the Federal Trade Commission, brings

this civil action to obtain monetary relief in the form of civil penalties against the Defendant

named herein for failing to comply with the premerger reporting requirements of the

Hart-Scott-Rodino Antitrust Improvements Act of 1976, and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Complaint is filed and these proceedings are instituted under Section 7A of the

Clayton Act, 15 U.S.C. § 18a ("HSR Act" or "Act"), added by Title II of the Hart-Scott-Rodino

Antitrust Improvements Act of 1976, to recover civil penalties for violations of that section.

2.  This Court has jurisdiction over the Defendant and over the subject matter of this action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355.

3.  Venue is properly based in this District by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## II.  THE DEFENDANT AND RELATED ENTITIES

4.  Defendant ValueAct Capital Partners, L.P. ("ValueAct") is a limited partnership organized under the laws of Delaware with its principal office and place of business at 435 Pacific Avenue, 4th Floor, San Francisco, California 94133.  ValueAct is an investor with holdings in numerous companies.  ValueAct is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1).

5.  ValueAct Capital Master Fund, L.P. ("Master Fund") is a limited partnership organized under the laws of the British Virgin Islands with its principal office and place of business at 435 Pacific Avenue, 4th Floor, San Francisco, California 94133.

6.  ValueAct Capital Partners II, L.P. ("VACII") is a limited partnership organized under the laws of Delaware with its principal office and place of business at 435 Pacific Avenue, 4th Floor, San Francisco, California 94133.

7. ValueAct Capital International, Ltd. ("VAC International") is a company organized under the laws of the British Virgin Islands with its principal office and place of business at 435 Pacific Avenue, 4th Floor, San Francisco, California 94133.

### III. OTHER ENTITIES

8. Gartner Inc. ("Gartner") is a corporation organized under the laws of Delaware with its principal place of business at 56 Top Gallant Road, Stamford, Connecticut 06904. Gartner is a provider of market research covering the information technology industry. At all times relevant to this complaint, Gartner was engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1).

9. Acxiom Corporation ("Acxiom") is a corporation organized under the laws of Delaware with its principal place of business at 1 Information Way, Little Rock, Arkansas 72202. Acxiom provides software and services that store, integrate and analyze customer information from a variety of sources. At all times relevant to this complaint, Acxiom was engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1).

10. Catalina Marketing Corporation ("Catalina") is a corporation organized under the laws of Delaware with its principal place of business at 200 Carillon Parkway, St. Petersburg, Florida 33716. Catalina provides strategic behavior-based marketing services for consumer goods companies, pharmaceutical manufacturers and their retailers based on information from its Catalina Marketing Network, an electronic network collecting information from the checkout scanners of almost 18,000 supermarkets. At all times relevant to this complaint, Catalina was

engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the

Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1).

11. Martha Stewart Living Omnimedia Inc. ("MSO") is a corporation organized under

the laws of Delaware with its principal place of business at 20 West 43rd Street, New York, New

York 10036. MSO provides content and domestic merchandise related to home, cooking and

entertainment, gardening, crafts, holidays, weddings and children. At all times relevant to this

complaint, MSO was engaged in commerce, or in activities affecting commerce, within the

meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton

Act, 15 U.S.C. § 18a(a)(1).

12. Mentor Corp. ("Mentor") is a corporation organized under the laws of Minnesota,

with its principal office and place of business at 201 Mentor Drive, Santa Barbara, California

93111. Mentor manufactures products for the medical specialties of aesthetic and general

surgery (plastic and reconstructive surgery); surgical urology; and clinical and consumer

healthcare, including catheters and other products for the management of urinary incontinence

and retention. At all times relevant to this complaint, Mentor was engaged in commerce, or in

activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C.

§ 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1).

## IV. **THE HART-SCOTT-RODINO ACT AND RULES**

13. The HSR Act requires certain acquiring persons and certain persons whose voting

securities or assets are acquired to file notification with the Federal Trade Commission and the

Department of Justice ("federal antitrust agencies") and to observe a waiting period before

4

consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a(a) and (b).

The notification and waiting period are intended to give the federal antitrust agencies prior notice

of, and information about, proposed transactions. The waiting period is also intended to provide

the federal antitrust agencies with an opportunity to investigate proposed transactions and to

determine whether to seek an injunction to prevent the consummation of transactions that may

violate the antitrust laws.

14. Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), Rules were

promulgated to carry out the purposes of the HSR Act. 16 C.F.R. § § 801-803. These Rules,

among other things, define terms contained in the HSR Act.

15. Pursuant to the HSR Act, an acquiring person must file the required notification

before making an acquisition if as a result of such acquisition the acquiring person would hold in

excess of $50 million, as adjusted annually beginning in 2005 to account for changes in gross

national product (hereinafter "as adjusted"), of the voting securities of an issuer, provided that

the parties meet statutory size thresholds. 15 U.S.C. § 18a(a). Pursuant to the HSR Rules, all

voting securities previously held are deemed to be held as a result of the acquisition at issue.

16. Pursuant to the HSR Rules, an acquiring person who has filed notification sufficient

only to enable it to acquire in excess of $50 million (as adjusted) but less than $100 million (as

adjusted) of the voting securities of an issuer, must file an additional notification and observe a

waiting period before acquiring in excess of $100 million (as adjusted) of the voting securities of

such issuer.

17. Pursuant to the HSR Rules, the term "person" means an ultimate parent entity and all

entities which it controls. An ultimate parent entity is an entity that is not controlled by any other

entity.  Control of an unincorporated entity means having the right to 50 percent or more of the profits of the entity, or having the right in the event of dissolution to 50 percent or more of the assets of the entity.

18.  For purposes of the HSR Rules, an ultimate parent entity is deemed to hold all of the voting securities of other issuers that are held by each entity it controls.

19.  On January 25, 2005, the Federal Trade Commission announced revised thresholds under the HSR Act and Rules, that became effective on March 2, 2005.  All acquisitions made prior to March 2, 2005, were governed by the prior thresholds.

20.  Section (c)(9) of the HSR Act, 15 U.S.C. § 18a(c)(9), provides that acquisitions made solely for the purpose of investment are exempt from the requirements of the HSR Act if, as a result of the acquisition, the securities held or acquired do not exceed 10 percent of the outstanding voting securities of the issuer.

21.  Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person is in violation.  The maximum amount of civil penalty is $11,000 per day, pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996).

## V. **PRIOR TRANSACTIONS**

Acquisitions of Gartner, Mentor and MSO Voting Securities

22.  On August 29, 2001, ValueAct acquired 1,575,000 shares of voting securities of Gartner.  As a result of that acquisition, ValueAct held 6,930,924 shares of voting securities of Gartner, with a value calculated pursuant to Sections 801.10 and 801.13 of the HSR Rules, 16 C.F.R. § § 801.10 and 801.13, of approximately $64 million.  ValueAct was required by the HSR Act to submit a notification and observe the Act's waiting period before it made the August 29, 2001, acquisition of voting securities of Gartner.  ValueAct did not file a premerger notification under the HSR Act prior to the August 29, 2001, Gartner acquisition.

23.  On January 16, 2002, ValueAct acquired 1,705 shares of voting securities of Mentor. As a result of that acquisition, ValueAct held 2,098,905 shares of voting securities of Mentor, with a value calculated pursuant to Sections 801.10 and 801.13 of the HSR Rules, 16 C.F.R. § § 801.10 and 801.13, of approximately $58.9 million.  ValueAct was required by the HSR Act to submit a notification and observe the Act's waiting period before it made the January 16, 2002, acquisition of voting securities of Mentor.  ValueAct did not file a premerger notification under the HSR Act prior to the January 16, 2002, Mentor acquisition.

24.  On March 14, 2002, ValueAct acquired 991,600 shares of voting securities of MSO. As a result of that acquisition, ValueAct held 3,601,600 shares of voting securities of MSO, with a value calculated pursuant to Sections 801.10 and 801.13 of the HSR Rules, 16 C.F.R. § § 801.10 and 801.13, of approximately $53.9 million.  ValueAct was required by the HSR Act to submit a notification and observe the Act's waiting period before it made the March 14, 2002,

acquisition of voting securities of MSO. ValueAct did not file a premerger notification under the HSR Act prior to the March 14, 2002, MSO acquisition.

25. In August 2003, ValueAct discovered that the Gartner, Mentor and MSO acquisitions violated the HSR Act. On October 3, 2003, ValueAct made notifications to cover the Gartner, Mentor and MSO acquisitions.

26. As part of the notifications, ValueAct outlined the steps it would take to prevent future violations of the HSR Act.

Formation of Master Fund

27. Prior to October 2004, ValueAct, VACII and VAC International held separate amounts of voting securities in each of the issuers in which they invested. For purposes of the HSR Act and Rules, ValueAct, VACII and VAC International was each its own ultimate parent entity. Prior to October 2004, neither VACII nor VAC International held more than $50 million of voting securities of any issuer.

28. On or about October 1, 2004, Master Fund was formed. In connection with the formation of Master Fund, ValueAct, VACII and VAC International contributed all of their assets, consisting of voting securities they held in issuers, in exchange for limited partnership interests of Master Fund. The formation of Master Fund, and the contributions of voting securities by ValueAct, VACII and VAC International to Master Fund, were not subject to the reporting requirements of the HSR Act. Upon the formation of Master Fund, ValueAct was entitled to 50 percent or more of the profits of Master Fund and/or 50 percent or more of the assets upon dissolution of Master Fund. Accordingly, ValueAct was the ultimate parent entity of Master Fund.

# VI. <u>VIOLATIONS</u>

<u>The Gartner Acquisition</u>

29.  On February 7, 2005, Master Fund acquired 1,189,900 shares of voting securities of Gartner.  As a result of this acquisition, Master Fund held approximately 26,670,684 shares of voting securities of Gartner, with a value of approximately $248 million.  ValueAct, as ultimate parent entity of Master Fund, held all voting securities held by Master Fund.  ValueAct's October 3, 2003, notification with regard to Gartner covered only acquisitions valued at less than $100 million.

30.  ValueAct was required by the HSR Act to submit a notification and observe the Act's waiting period before Master Fund made the February 7, 2005, acquisition of voting securities of Gartner.  Neither ValueAct nor Master Fund, on behalf of ValueAct, filed a premerger notification under the HSR Act prior to the February 7, 2005, Gartner acquisition.

31.  On June 13, 2005, ValueAct made a notification under the HSR Act to cover the February 7, 2005, Gartner acquisition described above.  The HSR Act waiting period for ValueAct's February 7, 2005, acquisition of voting securities of Gartner expired on July 13, 2005.

32.  ValueAct was in continuous violation of the HSR Act during the period beginning on February 7, 2005, and ending on July 13, 2005.

<u>The Catalina Acquisition</u>

33.  On April 28, 2005, Master Fund acquired 98,700 shares of voting securities of Catalina.  As a result of this acquisition, Master Fund held approximately 6,420,517 shares of voting securities of Catalina, which was in excess of 10 percent of the outstanding voting

9

securities of Catalina, and had a value of approximately $148 million. ValueAct, as ultimate parent entity of Master Fund, held all voting securities held by Master Fund.

34. ValueAct was required by the HSR Act to submit a notification and observe the Act's waiting period before Master Fund made the April 28, 2005, acquisition of voting securities of Catalina. Neither ValueAct nor Master Fund, on behalf of ValueAct, filed a premerger notification under the HSR Act prior to the April 28, 2005, Catalina acquisition.

35. On June 13, 2005, ValueAct made a notification under the HSR Act to cover the April 28, 2005, Catalina acquisition described above. The HSR Act waiting period for ValueAct's April 28, 2005, acquisition of voting securities of Catalina expired on July 13, 2005.

36. ValueAct was in continuous violation of the HSR Act during the period beginning on April 28, 2005, and ending on July 13, 2005.

The Acxiom Acquisition

37. On April 28, 2005, Master Fund acquired 98,700 shares of voting securities of Acxiom. As a result of this acquisition, Master Fund held approximately 9,576,845 shares of voting securities of Acxiom, which was in excess of 10 percent of the outstanding voting securities of Acxiom, and had a value of approximately $178 million. ValueAct, as ultimate parent entity of Master Fund, held all voting securities held by Master Fund.

38. ValueAct was required by the HSR Act to submit a notification and observe the Act's waiting period before Master Fund made the April 28, 2005, acquisition of voting securities of Acxiom. Neither ValueAct nor Master Fund, on behalf of ValueAct, filed a premerger notification under the HSR Act prior to the April 28, 2005, Acxiom acquisition.

10

39.  On June 13, 2005, ValueAct made a notification under the HSR Act to cover the April 28, 2005, Acxiom acquisition described above.  The HSR Act waiting period for ValueAct's April 28, 2005, acquisition of voting securities of Acxiom expired on July 13, 2005.

40.  ValueAct was in continuous violation of the HSR Act during the period beginning on April 28, 2005, and ending on July 13, 2005.

## VII. **PRAYER**

WHEREFORE, Plaintiff prays:

1.  That the Court adjudge and decree that the February 7, 2005, acquisition by Defendant ValueAct of voting securities of Gartner, the April 28, 2005, acquisition by Defendant ValueAct of voting securities of Catalina, and the April 28, 2005, acquisition by Defendant ValueAct of voting securities of Acxiom were each in violation of the HSR Act, 15 U.S.C. § 18a; and that Defendant ValueAct was in violation of the HSR Act each day from February 7, 2005, through July 13, 2005, as to the Gartner acquisition, from April 28, 2005, through July 13, 2005, as to the Catalina acquisition, and from April 28, 2005 through July 13, 2005, as to the Acxiom acquisition.

2.  That the Court order Defendant ValueAct to pay to the United States an appropriate civil penalty as provided by the HSR Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996).

3.  That the Court order such other and further relief as the Court may deem just and proper.

Dated: _December 19, 2007_____

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:


Thomas O. Barnett
D.C. Bar No. 426840
Assistant Attorney General

Department of Justice
Antitrust Division
Washington, D.C.  20530


Roberta S. Baruch
D.C. Bar No. 269266
Special Attorney


Kenneth A. Libby
Special Attorney


Federal Trade Commission
Washington, D.C.  20580
(202) 326-2694

12

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

United States of America
c/o Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

## DEFENDANTS

ValueAct Capital Partners, L.P.
435 Pacific Avenue, 4th Floor
San Francisco, California 94133

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT     88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Kenneth A. Libby
Roberta S. Baruch
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580

ATTORNEYS (IF KNOWN)

David Beddow
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ● 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ● A. *Antitrust*

- [X] 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*    OR    ○ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/* *2255* | ○ **H.** *Employment* *Discrimination* | ○ **I.** *FOIA/PRIVACY* *ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General ☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895** Freedom of Information Act ☐ **890** Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA* *(non-employment)* | ○ **L.** *Other Civil Rights* *(non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act ☐ **720** Labor/Mgmt. Relations ☐ **730** Labor/Mgmt. Reporting & Disclosure Act ☐ **740** Labor Railway Act ☐ **790** Other Labor Litigation ☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act) ☐ **443** Housing/Accommodations ☐ **444** Welfare ☐ **440** Other Civil Rights ☐ **445** American w/Disabilities-Employment ☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance ☐ **120** Marine ☐ **130** Miller Act ☐ **140** Negotiable Instrument ☐ **150** Recovery of Overpayment & Enforcement of Judgment ☐ **153** Recovery of Overpayment of Veteran's Benefits ☐ **160** Stockholder's Suits ☐ **190** Other Contracts ☐ **195** Contract Product Liability ☐ **196** Franchise | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

16 U.S.C. 18a(g)(1). Action for civil penalties for violations of Hart-Scott-Rodino Act.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** 1,100,000    Check YES only if demanded in complaint **JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 12/19/07    SIGNATURE OF ATTORNEY OF RECORD _(signature)_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.