IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**
c/o Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530,
                Plaintiff,

v.

**VALUEACT CAPITAL PARTNERS, L.P.**
435 Pacific Avenue, 4th Floor
San Francisco, California 94133,
                Defendant.

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff United States, having filed its Complaint in the above-captioned case, and having filed on this date a Stipulation and proposed Final Judgment, hereby moves this Court for entry of a Final Judgment against defendant ValueAct Capital Partners, L.P. ("ValueAct"). By agreement of the parties, the Final Judgment provides for the payment of a civil penalty totaling $1,100,000 by defendant pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1).

## STATEMENT OF POINTS AND AUTHORITIES

The Complaint in this action alleges that the defendant violated Title II of the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR Act" or "Act"), Section 7A of the Clayton Act, 15 U.S.C. § 18a, which requires certain acquiring persons and certain persons whose voting securities or assets are to be acquired to file notification with the Department of Justice and the Federal Trade Commission and to observe a waiting period before consummating certain acquisitions of voting securities or assets.  The Complaint alleges that the defendant was

in continuous violation of the HSR Act each day during the periods beginning on: February 7, 2005, through July 13, 2005, with respect to an acquisition of voting securities of one company; April 28, 2005, through July 13, 2005, with respect to an acquisition of voting securities of another company; and April 28, 2005, through July 13, 2005, with respect to an acquisition of voting securities of a third company.  Under section (g)(1) of the Hart-Scott-Rodino Act, 15 U.S.C. § 18a(g)(1), any person who fails to comply with the Act shall be liable to the United States for a civil penalty of not more than $11,000 for each day during which such person is in violation of the Act.[1]  Accordingly, the Complaint seeks "appropriate civil penalties."  As the Stipulation and proposed Final Judgment state, the defendant has agreed to pay civil penalties totaling $1,100,000 within thirty days of entry of the Final Judgment.

The procedures of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16 (b)-(h), are not required in this action.  The APPA requires that any proposal for a "consent judgment" submitted by the United States in a civil case filed "under the antitrust laws" be filed with the court at least sixty days in advance of its effective date, published in the Federal Register and a newspaper for public comment, and reviewed by the court for the purpose of determining whether it is in the public interest.  Key features of the APPA are preparation by the United States of a "competitive impact statement" explaining the proceeding and the proposed judgment, and the consideration by the court of the proposed judgment's competitive impact and its impact on the public generally as well as individuals alleging specific injury from the violation set forth in the complaint.

---

[1] The maximum daily civil penalty, which had been $10,000, was increased to $11,000 for violations occurring on or after November 20, 1996, pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) and FTC Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996).

Because the Complaint seeks, and the Final Judgment provides for, only the payment of civil penalties, the procedures of the APPA are not required in this action. A consent judgment in a case seeking only monetary penalties is not the type of "consent judgment" contemplated by the APPA. Civil penalties are intended to penalize a defendant for violating the law, and, unlike injunctive relief, have no "competitive impact," and no effect on other persons or on the public generally, within the context of the APPA. The legislative history of the APPA does not contain any indication that Congress intended to subject settlements of civil penalty actions to its competitive impact review procedures. No court to date has required use of APPA procedures in cases involving only the payment of civil penalties.[2]

For the above reasons, the United States asks the Court to enter the Final Judgment in this case.

---

[2] *See, e.g.*, *United States v. Manulife Fin. Corp.*, 2004-1 Trade Cas. (CCH) ¶ 74,426 (D.D.C.); *United States v. The Hearst Trust*, 2001-2 Trade Cas. (CCH) ¶ 73,451 (D.D.C.); *United States v. Input/Output Inc.*, 1999-1 Trade Cas. (CCH) ¶ 72,528 (D.D.C.); *United States v. Blackstone Capital Partners II Merchant Banking Fund et al.*, 1999-1 Trade Cas. (CCH) ¶ 72,484 (D.D.C.); *United States v. Gates*, 2004-1 Trade Cas. (CCH) ¶ 74,417 (D.D.C.); and *United States v. Qualcomm Inc. and Flarion Tech. Inc.*, 2006-1 Trade Cas. (CCH) ¶ 75,195 (D.D.C.). In each case, the United States noted the issue in a motion for entry of judgment, explaining that the APPA did not apply.

Dated: December 19, 2007

Respectfully submitted,

/s/ Kenneth A. Libby

Roberta S. Baruch
D.C. Bar No. 269266
Special Attorney

Kenneth A. Libby
Special Attorney
Federal Trade Commission
601 New Jersey Ave., NW
Washington, D.C. 20580
Telephone: (202) 326-2694
Facsimile: (202) 326-3396

4


Case 1:07-cv-02267-HHK    Document 3    Filed 12/19/2007    Page 5 of 5

## CERTIFICATE OF SERVICE

I hereby certify that on the 19 day of December 2007, I caused a copy of the foregoing Motion of Plaintiff United States For Entry of Final Judgment to be mailed, by U.S. mail, postage prepaid, to the attorney listed below.

_____
Kenneth A. Libby

For ValueAct Capital Partners, L.P.:

David Beddow
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4001

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Washington, D.C. 20530,<br>    Plaintiff,<br><br>v.<br><br>VALUEACT CAPITAL PARTNERS, L.P.<br>435 Pacific Avenue, 4th Floor<br>San Francisco, California 94133,<br>    Defendant. | Civil Action No. |

## FINAL JUDGMENT

Plaintiff, the United States of America ("United States"), having commenced this action by filing its Complaint herein for violation of Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and Plaintiff and Defendant, ValueAct Capital Partners, L.P., by their respective attorneys, having consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law herein and without this Final Judgment constituting any evidence against or an admission by the Defendant with respect to any such issue:

Now, therefore, before the taking of any testimony and without trial or adjudication of any issue of fact or law herein, and upon the consent of the parties hereto, it is hereby

Ordered, Adjudged, and Decreed as follows:

### I.

The Court has jurisdiction of the subject matter of this action and of the Plaintiff and the Defendant. The Complaint states a claim upon which relief can be granted against the Defendant under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

### II.

Judgment is hereby entered in this matter in favor of Plaintiff United States of America and against Defendant, and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54549 (Oct. 21, 1996), Defendant ValueAct Capital Partners, L.P. is hereby ordered to pay a civil penalty in the amount of $1,100,000. Payment of the civil penalty ordered hereby shall be made by wire transfer of funds or cashier's check. If the payment is made by wire transfer, Defendant shall contact Janie Ingalls of the Antitrust Division's Antitrust Documents Group at (202) 514-2481 for instructions

before making the transfer. If the payment is made by cashier's check, the check shall be made payable to the United States Department of Justice and delivered to:

> Janie Ingalls
> United States Department of Justice
> Antitrust Division, Antitrust Documents Group
> 325 7th Street, NW
> Suite 215 North
> Washington, D.C. 20530.

Defendant shall pay the full amount of the civil penalties within thirty (30) days of entry of this Final Judgment. In the event of a default in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of default to the date of payment.

III.

Each party shall bear its own costs of this action.

IV.

Entry of this Final Judgment is in the public interest.

Dated: _____.

_____
United States District Judge

3